1804.

# Goodwin *v.* Sheldon.

## In the Court below,

RODERICK SHELDON, *Plaintiff*; ANNA GOODWIN, *Defendant.*

<div style="margin-note">

A decree of Probate ordering a sale of lands, with a return of sales, and an account giving credit for the lands sold, furnish no legal evidence, that an *inventory* had been previously made and exhibited.

Counsel have no right to argue to the jury, that these documents furnish such evidence.

</div>

THIS was an action of ejectment, for fifty eight acres of land in Colebrook, part of the estate of *Daniel Sheldon*, deceased.

The general issue was pleaded, and closed to the jury. On the trial, the plaintiff claimed title to one seventh part of the premises, as heir at law of *Daniel Sheldon*, and to five other seventh parts, under deeds of conveyance from his other heirs. The defendant claimed as purchaser from *Nathaniel Skinner*, who bought of *Isaac Sheldon*, the administrator of said *Daniel*. To prove her title, the defendant exhibited in evidence the following decree of Probate :

"At a Court of Probate, holden at Hartford, within "and for the District of Hartford, on the 22d day of "February, 1805.

"Whereas the estate of Capt. *Daniel Sheldon*, late of "Hartford, deceased, hath been represented insolvent ; "and it appearing from the report of commissioners, "and from the amount of expenditures in settling said "estate, to be insolvent : This Court doth empower and "direct Mr. *Isaac Sheldon*, Administrator, to sell the "whole of said estate, both real and personal, at public "vendue, for the benefit of the creditors, and make re-"turn to this Court, to whom said estate is sold, and "for how much, with an amount of the charges of "sale."

The defendant also produced the administrator's deed to *Skinner*, made in pursuance of a sale of the premises at public vendue; also, a record of the Court of Probate of a return of sales, in which was included an account of the sale of the premises to *Skinner ;* also the administrator's account of administration, by which it appeared, that said estate was insolvent, and in which was included a credit of the sale of the premises. The plaintiff's counsel argued to the jury, that the defendant's evidence of title was incomplete, because *no inventory* of said estate had been shewn. The defendant's counsel, in their turn, were about to argue to the jury, that the above recited decree of Probate, together with the return of sales, and account of administration, was sufficient evidence, that an inventory had been made, and exhibited to the Court of Probate, before the decree was passed. The counsel for the plaintiff objected to the right of the defendant's counsel to argue to the jury, that such evidence was furnished by said records, on the ground, that if an inventory was ever made, it ought to be produced. The Court decided, that said decree, return, and account were not legal evidence, that an inventory had been made and exhibited, and stopped the defendant's counsel in the argument. To this decision a bill of exceptions was filed, on which the case came before this Court.

*Smith,* (of Woodbury) and *Gould,* for the plaintiff in error.

If an inventory was necessary to authorize the Judge of Probate to make the order of sales, that order is evidence, and conclusive evidence, that an inventory existed. The sentence or decree of any court of competent jurisdiction is conclusive, as to the right, which it

R r

imports to confer or establish ; (a) and, consequently, it is conclusive evidence, that all the previous steps, which were necessary and regular, have been taken. If the want of an inventory were such a defect as to deprive the court of its jurisdiction, and render the decree not merely irregular, but void, we admit that an inventory would not be implied by the decree. But the *death* of *Daniel Sheldon*, within this Probate District, immediately gave jurisdiction to the judge. His proceedings, therefore, were not void, and it is to be presumed, that they were regular.

It is much safer to oblige the heir to take advantage of any irregularity by appeal, than to shake the titles of purchasers, at a distant period of time.

*Daggett*, and *Dwight*, for the defendant in error, contended, that the administrator could not sell, but on an insolvency, and order of sale ; that this order could not be made, but on a view of the debts compared with the inventory ; that the land in question never appeared to have been inventoried ; and, of course, the judge had no power over it.

BY THE COURT,

The judgment was affirmed.

(a) 1 *Stra.* 481, *Moody* v. *Thurston. Id. Rex* v. *Vincent.* 1 *Lev.* 235, *Noel* v. *Wells.* 1 *Stra.* 703, *Rex* v. *Rhodes.* 3 *Term Rep.* 125, 129, *Allen* v. *Dundas.*